**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1163-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ERNEST FRANCOIS,
a/k/a JAMAL BAPTISTE,
ERNEST FRANCYS,

     Defendant-Appellant.

_____

Submitted February 23, 2021 – Decided March 15, 2021

Before Judges Yannotti and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 97-08-3422.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ernest Francois appeals from an October 8, 2019 order denying his petition for post-conviction relief (PCR).  We affirm.

In December 1998, defendant pled guilty to third-degree conspiracy, N.J.S.A. 2C:5-2, and third-degree possession of a controlled dangerous substance (CDS), cocaine, with intent to distribute within 1000 feet of a school zone, N.J.S.A. 2C:35-7.  Defendant completed plea forms, which confirmed he was not a United States citizen and acknowledged he may be deported as a result of his plea.  During the plea colloquy, defendant testified he was satisfied with his attorney's services and was voluntarily entering into the plea.  In April 1999, he was sentenced to three years' probation with 364 days in jail to be served on the weekends.  Defendant did not appeal from this conviction or sentence.

In a separate matter, stemming from a 2002 incident, defendant was tried and convicted by a jury for reckless manslaughter, possession of a handgun, and possession of a handgun for an unlawful purpose.  We affirmed defendant's convictions and remanded his sentence for reasons unrelated to this appeal. State v. Francois, Docket No. A-5739-03 (App. Div. June 9, 2006) (slip op. at 25).

In July 2018, defendant filed a pro se PCR petition challenging the guilty plea. His certification stated:

> My attorney told me if I pled guilty I would not face deportation. He barely even mentioned that I would face immigration issues. My attorney said this charge was not deportable and I do not need to worry. If I would [have known] this I would [have] went to trial to prove my innocence.

Through PCR counsel, defendant filed another certification stating:

> I went through the plea form with my attorney and he circle[d] "[y]es" for question [seventeen], indicating that I was not a U.S. citizen and that I may be deported by virtue of the plea. My attorney told me not to worry, that I would not face deportation. He barely said anything about immigration consequences other than to tell me that the charge was not deportable and that I did not need to worry. This was not correct. I am now facing deportation because of this charge[.]
>
> [(emphasis added).]

The PCR judge denied the petition without an evidentiary hearing. The judge found the petition was time-barred by Rule 3:22-12 because it was filed nineteen years after defendant's guilty plea, and the five-year time limit could not be enlarged pursuant to Rule 1:3-4.

Addressing whether defendant had demonstrated excusable neglect for the late filing, the judge noted defendant's claim emanated not from a lack of advice

regarding the immigration consequences, but "affirmative mis[-]advice[.]" He stated:

> Essentially, . . . the claim here is . . . the late filing is excusable because . . . defendant was recently served with the complaint for removal and . . . was not aware of any deportation consequences of the guilty plea prior to that. The record at the time of the guilty plea totally undermines such a claim.

The judge cited extensively from defendant's plea colloquy, noting defendant testified he read and initialed the plea forms after reviewing them with his attorney. Citing the plea forms, the judge noted defendant "[c]ircled yes" to question seventeen which stated: "Do you understand that if you [are] not a United States citizen or national, you may be deported by virtue of your guilty plea?" The judge noted defendant's answer to question twenty was "[a]lso significant" because it stated: "List any other promises or representations that have been made by you, the Prosecutor, or your defense attorney, or anyone else as a part of the plea of guilty. Answer[: ']None.[']"

The judge concluded "[defendant's] eyes were wide open at the time of the plea. There is no basis to find any neglect, never mind excusable neglect." The judge found the nineteen-year-delay "would significantly prejudice the State[.]" He also found that vacating the plea would not have "any effect upon the deportation proceedings because the offense . . . for which [Immigration and

Customs Enforcement is] seeking deportation was one which [was] obtained by jury verdict for an offense that occurred after this one, in 2006[.]"

The judge concluded defendant did not establish a prima facie case of ineffective assistance of counsel because the plea colloquy refuted his claim counsel misadvised him. He noted defendant's admission during the plea to possessing ninety-three bottles of cocaine within 1000 feet of an elementary school, which he intended to sell, refuted his claim of innocence. The judge stated:

> The [c]ourt also notes that the original plea . . . offer was three years, [with] eighteen months . . . of parole ineligibility . . . rather than face any mandatory terms of imprisonment or any custodial term in State Prison through the efforts of counsel . . . that was negotiated to a non-custodial sentence. The defendant received ample benefits by virtue of that plea agreement, eliminating any custodial term after the sentencing.

The judge concluded no evidentiary hearing was required because the record was sufficient to address defendant's PCR claims.

Defendant raises the following points on appeal:

> POINT I – DEFENDANT'S PETITION FOR POST CONVICTION RELIEF SHOULD NOT BE TIME BARRED BECAUSE DEFENDANT'S DELAY IN FILING WAS DUE TO EXCUSABLE NEGLECT FOR HAVING RECEIVED AFFIRMATIVE [MIS-ADVICE] OF COUNSEL, WHICH ONLY BECAME EVIDENT UPON HIS DEPORTATION

PROCEEDINGS, THEREBY SATISFYING THE STANDARD THAT THE INTERESTS OF JUSTICE REQUIRE HIS CLAIMS BE HEARD.

POINT II – DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S AFFIRMATIVE [MIS-ADVICE] THAT HE WOULD NOT BE SUBJECT TO DEPORTATION PROCEEDINGS AS A RESULT OF ENTERING A GUILTY PLEA.

(A) APPLICABLE LAW.

(B) DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE BECAUSE OF COUNSEL'S [MIS-ADVICE] REGARDING HIS EXPOSURE TO DEPORTATION AS A RESULT OF PLEADING GUILTY TO THE INDICTMENT SUBJECT TO THIS CASE.

Where no evidentiary hearing was conducted in the denial of a PCR petition, "we may review the factual inferences the court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). We also review de novo the trial court's conclusions of law. Ibid.

PCR is "New Jersey's analogue to the federal writ of habeas corpus." State v. Cummings, 321 N.J. Super. 154, 164 (App. Div. 1999) (citing State v. Afanador, 151 N.J. 41, 49 (1997); State v. Preciose, 129 N.J. 451, 459 (1992)). A PCR claim "must be established by a preponderance of the credible evidence." State v. McQuaid, 147 N.J. 464, 483 (1997) (citing Preciose, 129 N.J. at 459).

A-1163-19

PCR "is cognizable if based upon . . . [s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). The Sixth Amendment of the United States Constitution and Article I, paragraph 10 of the New Jersey Constitution both guarantee effective assistance of legal defense counsel to a person accused of a crime. See State v. Porter, 216 N.J. 343, 352 (2013) (citing Strickland v. Washington, 466 U.S. 668, 685-86 (1984)).

A defendant may use PCR "to challenge . . . [a] final judgment of conviction which could not have been raised on direct appeal." McQuaid, 147 N.J. at 482. "[P]etitioners are rarely barred from raising ineffective-assistance-of-counsel claims on [PCR]" under New Jersey case law, Preciose, 129 N.J. at 459-60, and "[o]ur courts have expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record." Id. at 460.

Defendant argues his petition should not have been time barred because his delay was due to excusable neglect. He claims he first learned he would be deported during the deportation proceedings. He asserts although he acknowledged he could be subject to deportation on the plea form, counsel did not discuss the issue with him at the time of the plea and did not elicit defendant's

understanding about this issue during the plea colloquy. Defendant asserts he filed his petition immediately on learning he would be deported. He argues an evidentiary hearing is necessary because his claim is based on disputed facts relating to counsel's conduct and affirmative misrepresentation, which falls outside of the record of the plea proceeding.

In determining whether a defendant has established ineffective assistance of counsel "a reviewing court must determine: (1) whether counsel's performance 'fell below an objective standard of reasonableness,' . . . and if so, (2) whether there exists a 'reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different[.]'" State v. Castagna, 187 N.J. 293, 313-14 (2006) (quoting Strickland, 466 U.S. at 688, 694). See also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test in New Jersey). Where a claim of ineffective assistance of counsel follows a guilty plea, the defendant must prove counsel's deficient representation and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

A defendant may satisfy the first prong of the Strickland test "by a showing that counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case." State v. Allegro, 193 N.J. 352, 366 (2008) (quoting Castagna, 187 N.J. at 314). However, a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

Plea counsel is required to provide a non-citizen defendant sufficient information regarding immigration consequences of a guilty plea. See State v. Nuñez-Valdéz, 200 N.J. 129, 140, 143 (2009). "[W]rong or inaccurate advice from counsel about the immigration consequences, and specifically deportation, that would result from entry of a guilty plea, present[s] ineffective assistance of counsel." State v. Gaitan, 209 N.J. 339, 361 (2012).

Nuñez-Valdéz was the applicable law at the time of defendant's plea.[1] The Nuñez-Valdéz Court held there may be ineffective assistance of counsel where

---

[1] See Gaitan, 209 N.J. at 373-74, holding Padilla v. Kentucky, 559 U.S. 356, 368-69 (2010), which states that counsel has an affirmative duty to correctly advise a defendant of the risk of deportation where the terms of the relevant immigration statute are "succinct, clear, and explicit in defining the removal consequence" of a plea does not apply retroactively.

the advice given to a defendant regarding the removal consequences of a guilty plea is false, or inaccurate and affirmatively misleading, such as where counsel tells a defendant there will be no immigration consequences when pleading to an offense that is indeed presumptively deportable. Gaitan, 209 N.J. at 381; Nuñez-Valdéz, 200 N.J. at 140-43.

Here, one of the charges to which defendant pled guilty was third-degree possession of CDS with intent to distribute. Under 8 U.S.C. § 1227(a)(2)(B)(i), a non-citizen

> who at any time after admission has been convicted of a violation of . . . any law or regulation of a [s]tate, the United States, or a foreign country relating to a controlled substance . . . other than a single offense involving possession for one's own use of [thirty] grams or less of marijuana, is deportable.

The offense to which defendant pled guilty was deportable. However, aside from defendant's bald assertion, the record lacks any suggestion plea counsel affirmatively misinformed defendant that he would not be deported.

Notwithstanding the claim he was misadvised, defendant's deportation proceedings do not emanate from the 1998 plea. Furthermore, there is no evidence plea counsel's performance was substandard or that—but for counsel's advice—defendant would not have pled and proceeded to a trial.

Finally, defendant's claims are clearly time-barred. <u>Rule</u> 3:22-12 states a first petition for PCR may not be filed more than five years after the date of entry of the judgment of conviction being challenged unless "it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice . . . ." <u>R.</u> 3:22-12(a)(1)(A). The purpose of the PCR five-year time bar "is to encourage defendants reasonably believing they have grounds for [PCR] to bring their claims swiftly and discourages them from sitting on their rights until it is simply too late for a court to render justice." <u>Cummings</u>, 321 N.J. Super. at 165.

Excusable neglect "encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition." <u>State v. Norman</u>, 405 N.J. Super. 149, 159 (App. Div. 2009). To determine whether excusable neglect is present, the court "should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." <u>Ibid.</u> (quoting <u>Afanador</u>, 151 N.J. at 52).

A-1163-19

As stated previously, defendant filed his PCR petition nineteen years after the 1998 plea. The preponderance of the credible evidence in the record shows he was first aware of the possible deportation consequences when he entered his plea. Furthermore, defendant does not challenge the PCR judge's findings that the State would be prejudiced if PCR were granted. His assertion that he would have proceeded to trial is unsupported by the record, the charges he avoided by entering a plea, and his sentence. For these reasons, defendant has not demonstrated excusable neglect to overcome the time bar.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1163-19